# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BOBBY JO BUSZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:17-CV-31-TLS |
| ) | |
| ALLEN COUNTY SHERIFF DAVID ) | |
| GLADIEUX and H&E MACHINED, ) | |
| SPECIALITIES, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

A Clerk's Entry of Default [ECF No. 16] was entered on April 25, 2017, against Defendant H&E Machined Specialties, Inc. (H&E Machined). On April 27, 2017, the Plaintiff filed a Motion for Default Judgment as to H&E Machined [ECF No. 18]. On May 1, 2017, H&E Machined filed its Motion to Vacate the Clerk's Entry of Default [ECF No. 22], pursuant to Federal Rule of Civil Procedure 55(c), which permits the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). On May 4, 2017, the Plaintiff filed a Motion to Withdraw [ECF No. 25] in its Motion for Default Judgment.

To have the Entry of Default vacated, H&E Machined must "show that it had good cause for the late submission of its answer and that it acted in a timely fashion to have the default order set aside." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). The Defendant has satisfied both of these inquiries. The Affidavit of Kari Zeplin [ECF No. 23–1] adequately explains her neglect in responding per the due date. In particular, Ms. Zeplin affirms that numerous issues with staffing turnover resulted in her inadvertent failure to respond, and she otherwise would have responded promptly had she remembered the due date. *See Cracco*, 559 F.3d at 631 (finding good

cause where the defendant "did not willfully ignore the pending litigation, but rather, failed to respond to the summons and complaint through inadvertence").

When she learned of her mistake and the Clerk's Entry of Default, Ms. Zeplin immediately referred the matter to outside counsel, who entered a Notice of Appearance [ECF No. 19] and promptly filed the pending Motion to Vacate the Clerk's Entry of Default.

Ms. Zeplin's Affidavit also satisfies the requirement that the Defendant show a "meritorious defense." *See Cracco*, 559 F.3d at 631 (finding that the purpose and intent of Rule 55(c) had been met where the defendant notified the plaintiff and the district court of the nature of its defense and provided the factual basis for that defense).

Based on the foregoing, and in accordance with the policy in the Seventh Circuit "favoring trial on the merits over default judgment," *id.* (citing *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 779, 811 (7th Cir. 2007)), the Court will grant the Defendant's Motion.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS H&E Machined's Motion to Vacate Clerk's Entry of Default [ECF No. 22], GRANTS the Plaintiff's Motion to Withdraw Motion for Default [ECF No. 25], and DENIES AS MOOT the Plaintiff's Motion for Default Judgment [ECF No. 18]. The Clerk's Entry of Default [ECF No. 16] is SET ASIDE.

SO ORDERED on May 15, 2017.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT