**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

BOBBY JO BUSZ,

Plaintiff,

v.

ALLEN COUNTY SHERIFF DAVID
GLADIEUX,

Defendant.

CAUSE NO.: 1:17-CV-31-TLS

## OPINION AND ORDER

The Defendant,[1] Allen County Sheriff David Gladieux, seeks summary judgment on the

claims of the Plaintiff, Bobby Jo Busz [ECF No. 33]; specifically, the Plaintiff's claims under

Titles I and II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation

Act, and various state and constitutional claims. For the reasons stated below, the Defendant's

Motion is GRANTED and the Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

## FACTUAL BACKGROUND

The Defendant's Department operates the Allen County Work Release Program (the

"Program") out of the Allen County Work Release Center (the "Center"), a minimum-security

work release facility. While serving a one-year prison term, the Plaintiff was accepted into the

Program, and housed at the Center, starting on or about October 8, 2015. As a participant in the

Program, the Plaintiff was required to obtain employment within thirty days of intake and find

new employment within twenty-one days of termination "under less than adverse conditions."

---

[1] H&E Machined Specialties, Inc. was dismissed from this case on January 16, 2018 pursuant to Federal
Rule of Civil Procedure 41(a)(1)(A)(ii) [ECF No. 27].

*See Allen Cmty. Agreement to Obtain Emp.*, ECF No. 35-2. The Center set the hours within which the Plaintiff could search for employment. The Plaintiff also committed to receiving the Center staff's approval if he wanted to change employment and pay 25% of his income or $22.00 a day as room and board. The Center was "in touch" with H&E to "ensure that [the Plaintiff] was performing his work in a satisfactory manner." *See Aff. of Michael Biltz*, ¶ 6, ECF No. 33-1.

A Residential Adviser at the Center told the Plaintiff about a job opportunity at H&E Machined Specialities ("H&E"). The Plaintiff applied and obtained employment at H&E. H&E set the Plaintiff's rate of pay, paid the Plaintiff, and a plant manager at H&E directed the Plaintiff's work and established his working schedule. On or around November 12, 2015, at approximately 5:00 p.m., the Plaintiff took a Tylenol PM cold pill and experienced an adverse reaction. Later that day, H&E terminated the Plaintiff's employment. No individuals involved in the Allen County Work Release Program played a role in the decision to terminate the Plaintiff. However, on November 23, 2015, the Allen County Work Release Program held a hearing, and found that "[i]nmate Busz was terminated from employment due to his bizarre behavior at H&E Machined Specialties." *See Allen Cmty. Work Release Ctr. Discipline Committee Report* (the "Report"), ECF No. 35-5. Under "Sanction Recommendation," the Report states, "[i]nmate Busz must obtain full-time employment within 21 days of his termination date." *Id*.

The Plaintiff stayed in the Program and remained housed at the Center, until his scheduled release from custody. The Plaintiff obtained new employment on December 7, 2015.

### STANDARD OF REVIEW

Summary judgment is proper where the evidence of record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute precluding summary judgment. *Id.* at 324. "[A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material issue, then the Court must enter summary judgment against it. *Id.*

## ANALYSIS

The Plaintiff brought a variety of claims. The Plaintiff concedes that summary judgment should be granted on his various constitutional and state law claims. *See, et al., Resp. to Mot.*, ECF No. 35, p. 2. Remaining are his claims for: (1) discrimination under Section 504 of the Rehabilitation Act, (2) discrimination under Title II of the Americans with Disabilities Act ("ADA"), and (3) discrimination under Title I of the ADA.

### A.      Discrimination under Section 504 of the Rehabilitation Act

To establish a claim under Section 504 of the Rehabilitation Act, the Plaintiff must show that (1) he is a qualified individual, (2) with a disability, (3) who was denied access to a program or activity on the basis of his disability through an entity receiving federal financial assistance. *See Wis. Cmty. Serv. v. City of Milwaukee*, 465 F.3d 737, 746–47 (7th Cir. 2006). The

Rehabilitation Act applies to work release programs. *See Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667, 673 (7th Cir. 2012).

The only issue the parties contest is whether the Plaintiff was denied access to a program or activity by an entity receiving federal financial assistance. The Plaintiff argues first that, because H&E is the Defendant's contractor, H&E's termination of him qualifies as denial of access to a program. Even assuming the Plaintiff's theory is legally supported, *but see Maxwell v. S. Bend Work Release Ctr.*, 787 F. Supp. 2d 819, 827–28 (N.D. Ind. 2011) (holding that only a direct beneficiary of federal funds, not an indirect, alleged contractor, can be liable under the Rehabilitation Act), the Plaintiff has presented no evidence that H&E was, in fact, the Defendant's contractor. Without establishing this prerequisite relationship, there is no genuine dispute of material fact.

In the alternative, the Plaintiff argues that the Defendant did directly discriminate against the Plaintiff through the Report. However, while the Report does "sanction" the Plaintiff by requiring him to find new employment within twenty-one days, the Plaintiff does not present any support for the conclusion that the Report or the Sanction was a denial of access to the work release program. *Cf. Jaros*, 684 F.3d at 673 (blocking an inmate from participating in the program would qualify as denial of access), *Maxwell v. S. Bend Work Release Ctr.*, Case No. 3:09-cv-08, 2011 WL 4688825, *5 (N.D Ind. Oct. 3, 2011) (indicating that, although the plaintiff failed to establish causation, removal from the program does meet the elements of a rehabilitation claim). Particularly as the Plaintiff remained in the Program even though he did not find subsequent employment for another twenty-five days, the Court cannot conclude that the Report constitutes denying the Plaintiff access to the Program.

**B.      Discrimination under Title II of the ADA**

To state a claim under Title II of the ADA, the Plaintiff must establish: (1) he is a

qualified individual with a disability, (2) he was denied the benefits of the services, programs, or

activities of a public entity, and (3) the denial or discrimination was by reason of his disability.

*See Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). For his Title II claim, the Plaintiff

relies on the same two theories as for his Rehabilitation Act claim. For the same reasons, there is

no genuine dispute of material fact.[2]


**C.      Discrimination under Title I of the ADA**

Title I of the ADA applies to discrimination by a "covered entity," defined as an

"employer, employment agency, labor organization, or joint labor-management committee." 42

U.S.C. § 12111(2). The parties' briefing suggests that the Defendant is the Plaintiff's employer

only by way of a joint-employer theory. "The joint-employer concept derives from labor law . . .

[and] is designed to identify the business entities that control the employees' terms and

conditions of employment." *See Whitaker v. Milwaukee Cmty, Wis.*, 772 F.3d 802, 811 (7th Cir.

2014). To identify whether two entities constitute joint employers, the Court considers:

> (1) the extent of the employer's control and supervision over the employee; (2)
> the kind of occupation and nature of skill required, including whether skills were
> acquired on the job; (3) the employer's responsibility for the costs of operation;
> (4) the method and form of payment and benefits; and (5) the length of the job
> commitment;

---

[2] Additionally, unlike the Rehabilitation Act, Title II of the ADA does not cover employment by a public entity. *See Brumfield v. City of Chicago*, 735 F.3d 619, 630 (7th Cir. 2013). Thus, even assuming (1) H&E was the Defendant's contractor, and (2) the Defendant had liability for its contractors under Title II, the Plaintiff's claim under Title II of the ADA on the theory that the Defendant was responsible for his employment with H&E would still not be valid. *See Neisler v. Tuckwell*, 807 F.3d 225, 227 (7th Cir. 2015) ("Title II does not apply to a prisoner's claim of employment discrimination in a prison job.").

and the putative joint-employer's right to control the employee is the most important consideration. *See Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 702 (7th Cir. 2015), citing *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378–79 (7th Cir. 1991).

The Defendant did dictate that the Plaintiff had to be employed and when the Plaintiff could look for work, and forbade self-employment. The Defendant also retained the right to tell the Plaintiff that he could not work at a given business for certain reasons and to approve changes in employment. Finally, the Defendant did require the Plaintiff to pay him some portion of his wages.

Therefore, as one might expect of a Center housing inmates, the Defendant did have significant control over the Plaintiff. However, what the Defendant did not control is the Plaintiff's *employment*. The Plaintiff's testimony, cited by the Defendant, established that only H&E determined which of his available hours he worked and what job duties he was to perform while working. H&E's employee supervised him. H&E set the Plaintiff's rate of pay and paid him. H&E alone made the decision to terminate him. *See Reply to Resp. to Mot.*, ECF No. 37, p. 5; *see also Dep. of Bobby Jo Busz*, ECF No. 33-2.

The Plaintiff states, in his Brief, that "[a]t Defendant's order, Mr. Busz could be terminated," "[m]anagers of Mr. Busz's work site were required to enter into a work agreement with Defendant," and that "[t]he possibility of Mr. Busz' employment was created and extinguished at the whim of Defendant." *See Br. in Opp.*, ECF No. 36, pp. 14–15. However, the Plaintiff cites no evidence that specifically establishes these claims. A party opposing a properly supported summary judgment motion must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Stephens v.*

*Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (citation omitted). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003).

The Plaintiff has not established any of the *Knight* factors, or any other signs of control, that Defendant exercised over his employment with H&E. Without a joint employer relationship, the Defendant is not liable to the Plaintiff under Title I of the ADA. *See Love*, 779 F.3d at 705 ("Here, none of these considerations support [the Plaintiff]'s argument,"); *cf. Dunn v. Pratt Indus. (U.S.A.), Inc.*, Case No. 2:12-cv-269, 2016 WL 7048892, *6 (N.D. Ind. Dec. 5, 2016) (finding that evidence of a general contractor/subcontractor relationship, with functional ability to fire, was enough to deny summary judgment as the Defendant had not established no joint-employer relationship).

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendants' Motion for Summary Judgment [ECF No. 33] as to all the Plaintiff's claims. The Clerk is ORDERED to enter judgment in favor of the Defendant and against the Plaintiff.

Entered January 2, 2019.

        s/ Theresa L. Springmann
        CHIEF JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT